UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIFFANY N. OGLE,

    Plaintiff,

vs.

KOORSEN FIRE & SECURITY, INC, *et al.*,

    Defendants.

Case No. 3:17-cv-127

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT TYCO FIRE PRODUCTS, LP ("TFP") (DOC. 46), AS WELL AS TFP'S MOTION IN THAT REGARD (DOC. 47), BE GRANTED; (2) ALL CLAIMS AGAINST DEFENDANT TFP BE DISMISSED WITHOUT PREJUDICE; AND (3) TFP'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 45) BE DENIED AS MOOT**

---

This civil case is before the Court on the motion for judgment on the pleadings filed by Defendant Tyco Fire Products, LP ("TFP"). Doc. 45. Plaintiff did not file a memorandum in opposition to TFP's motion and, instead, moved to voluntarily dismiss all claims against TFP without prejudice. Doc. 46. TFP does not oppose Plaintiff's motion for voluntary dismissal and, instead, now moves the Court to grant Plaintiff's motion and to, therefore, dismiss all claims against it without prejudice. Doc. 47.

Based on the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's unopposed motion to voluntarily dismiss all claims against TFP (doc. 46), as well as TFP's motion in that regard (doc. 47), be **GRANTED**; (2) all claims against TFP be **DISMISSED**

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 21[2]; and (3) TFP's motion for judgment on the pleadings (doc. 45) be **DENIED AS MOOT**. This recommendation does not dispose of the case in its entirety and Plaintiff's claims against other Defendants remain pending.

Date:  February 7, 2018                                s/ Michael J. Newman
                                                       Michael J. Newman
                                                       United States Magistrate Judge

---

[2] "[T]he Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41." *Lester v. Wow Car Co.*, No. 2:11-CV-850, 2012 WL 1758019, at *2 (S.D. Ohio May 16, 2012) (citing *Letherer v. Alger Group, LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *recognized as overruled on other grounds in, Blackburn v. Oaktree Capital Mgmt. LLC*, 511 F.3d 633, 636 (6th Cir. 2008)).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).