UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIFFANY OGLE,

    Plaintiff,

vs.

KOORSEN FIRE & SECURITY, INC., *et al.*,

    Defendants.

Case No. 3:17-cv-127

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES AND TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES (DOC. 58); (2) STRIKING PLAINTIFF'S EXPERT DISCLOSURE (DOC. 57) WITH REGARD TO ALL EXPERTS EXCEPT NATHANIEL LEE AND EXCLUDING ALL OF PLAINTIFF'S EXPERTS EXCEPT FOR MR. LEE; (3) DIRECTING PLAINTIFF'S COUNSEL TO PROMPTLY FILE A MOTION TO AMEND THE CALENDAR REGARDING THE EXPERT DISCLOSURE OF MR. LEE ONLY; AND (4) ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE AS TO WHY HE SHOULD NOT BE SANCTIONED**

---

    This civil case is before the Court on the motion filed by Defendants Koorsen Fire & Security, Inc. and Commercial Fire, LLC (hereinafter referred to as "Defendants") requesting that the Court strike Plaintiff's expert witness disclosure and exclude Plaintiff's expert witnesses in this case. Doc. 58. Plaintiff failed to timely file a memorandum in opposition to Defendants' motion and, therefore, the undersigned issued an Order to Show Cause directing Plaintiff to either (1) show cause as to why Defendants' motion should not be granted; or (2) file a memorandum in opposition. Doc. 59. Thereafter, in response to the Court's Order to Show Cause, Plaintiff filed a memorandum in opposition. Doc. 60. Defendants promptly filed a reply. Doc. 61.

    On September 24, 2018, the Court heard oral argument on the merits of Defendants' motion. *See* doc. 64. Attorney Kenneth Ignozzi participated on behalf of Plaintiff. Attorney John Wagner appeared on behalf of Defendants. Attorney Corie Marty participated on behalf of

McDonald's Corporation, which is a party to this suit because of a subrogation interest. As is made clear in the memorandum in opposition,[1] and was further made clear from hearing counsels' argument during the hearing, there is no dispute that Plaintiff's counsel failed to timely identify expert witnesses; that his subsequently-filed untimely disclosure fails to satisfy the requirements of Rule 26(a)(2); and that the limited issue presently before the Court is whether the untimely and inadequate disclosure was harmless so as to avoid the exclusion of Plaintiff's expert witnesses under Fed. R. Civ. P. 37(c)(1).

During the hearing, the Court heard extensive argument from counsel for Plaintiff and Defendants concerning Defendants' motion to strike and exclude experts. At the conclusion of the hearing, the Court directed Plaintiff's counsel, without objection, to email to the Court for *in camera* review the reports and records produced in discovery that he contends satisfies Plaintiff's disclosure requirements under Rule 26(a)(2). The Court received those documents via email from Plaintiff's counsel and has reviewed them carefully *in camera*. The undersigned has carefully considered all of the foregoing, and Defendants' motion is now ripe for decision.

**I.**

At issue in Defendants' motion is Plaintiff's expert witness disclosure. *See* doc. 58. The disclosure of expert witnesses is governed by Fed. R. Civ. P. 26(a)(2), which provides that, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

In addition to the mere disclosure of each expert's identity, the party's expert disclosure must "be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties

---

[1] The undersigned notes that the opposition memorandum contains not a single citation to the applicable Rules of Civil Procedure or any case law supportive of counsel's position. *See* doc. 60.

2

as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Reports for such experts must contain certain specific information, namely: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." *Id*.

With regard to experts not retained or specially employed to provide expert testimony in a case, *e.g.*, treating doctors, the mere disclosure of the expert's identity is insufficient. *See* Fed. R. Civ. P. 26(a)(2)(C). Instead, the disclosure of a non-retained expert's identity must be accompanied by a statement regarding: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Id*.; *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *7 (S.D. Ohio Mar. 11, 2015). While the disclosures required by Rule 26(a)(2)(C) are "considerably less extensive than the report required by Rule 26(a)(2)(B)[,]" the Rule does "not permit a Plaintiff to 'dump' medical records on the defendant, nor do they eliminate the requirement of providing summary disclosures." *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *2 (E.D. Mich. Apr. 12, 2016); *see also Cosby v. Claiborne Cnty. Bd. of Educ.*, No. 3:17-CV-278-RLJ-HBG, 2018 WL 3233336, at *3 (E.D. Tenn. July 2, 2018) (finding that identifying physicians in response to interrogatories and the production of medical records in discovery "does not satisfy Rule 26(a)(2)(C)" and "does not constitute harmlessness under Rule 37(c)(1)"); *Little Hocking Water*

*Ass'n*, 2015 WL 1105840, at *8 (holding that a Rule 26(a)(2)(C) "summary is defined as a brief account that states the main points of a larger body of information," not "a prodigious volume of material"; "it does not suffice to reference large bodies of material as sources of facts").[2]

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In fact, Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). In other words, "the sanction of exclusion [of experts] is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless[.]" *Id.* (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). The burden of providing substantial justification or harmlessness is on the offending party, *i.e.*, Plaintiff in this case. *Id.*

## II.

Here, pursuant to the Court's Preliminary Pretrial Conference Order, Plaintiff's Rule 26 expert disclosure was to be completed on or before July 30, 2018.[3] Doc. 39 at PageID 243. That Order, consistent with the requirements of Rule 26(a)(2), specifically requires that, in addition to

---

[2] Further, the mere fact that witnesses may be available for deposition is insufficient to excuse noncompliance with Rule 26(a)(2) because "obviat[ing] the need to provide Rule 26(a)(2) disclosures and reports by simply making . . . experts available to be deposed would render the Rule meaningless[.]" *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 454 (E.D. Mich. 2017) (quoting *Rangel v. Anderson*, 202 F.Supp.3d 1361, 1367 (S.D. Ga. 2016)).

[3] The undersigned notes that the expert disclosure deadlines were dates suggested by counsel in the Rule 26(f) report (doc. 36 at PageID 233), a deadline subsequently adopted by the Court (doc. 39 at PageID 243). Plaintiff's counsel never sought to amend such deadline prior to the filing of his September 21, 2018 opposition memorandum (and even then, the extension of time referenced in the opposition memorandum concerns Mr. Lee only, not other experts. *See* doc. 60 at PageID 332; *see also* fn.4, *infra*.

merely revealing the identity of each expert, the party must "provide a copy of the expert's report or the subject matter and summary of facts and opinions for experts not required to prepare reports." Doc. 39 at PageID 243 (internal citation of Rule 26(a) omitted). As stated in the Court's General Order, "[t]he purpose of this filing of witness lists is to permit timely completion of discovery." *See* Dayton General Order No. 12-01 (effective Feb. 2, 2012). There is no dispute that Plaintiff's counsel failed to make a Rule 26 expert disclosure on or before July 30, 2018. Doc. 58 at PageID 303.

On August 6, 2018 -- *i.e.*, a week after Plaintiff's expert disclosure deadline -- Plaintiff's counsel filed a document with the Court in which counsel identified eight individuals as experts. Doc. 57. The experts specifically identified are: Nathaniel Lee[4]; John B. Gillen, M.D.; Sue Carter, M.D.; Faiq Akhter, M.D.; David O. Wright, M.D.; Charles D. May, D.O.; Laura Matrka, M.D.; and Jonathan Bernstein, M.D. Doc. 57 at PageID 299-300. In addition to these identified individuals, Plaintiff also identifies an entire medical clinic -- namely James Voice & Swallowing[5] -- and unidentified medical records custodians. *Id*. at PageID 300. Nowhere on the disclosure does Plaintiff's counsel indicate whether or not the experts identified were retained or specially

---

[4] The parties, on their own and without leave of Court, agreed to extend only the deadline for producing Nathaniel Lee's expert report because of an unanticipated delay in deposing a particular fact witness, and the unanticipated testimony from that witness regarding his lack of involvement in testing the fire extinguisher at issue in Plaintiff's product liability claim. *See* doc. 60 at PageID 331. Notably, there has been no suggestion of any unanticipated delays or other substantial justification regard Plaintiff's counsel's ability to obtain medical expert opinions in this case. While the extension of deadlines in federal court generally cannot be extended solely upon stipulation of counsel, and instead typically require an Order of the Court, the undersigned, acting in the interest of justice (and finding substantial justification for Plaintiff's counsel's inability to make a production regarding Mr. Lee as well as finding a delay regarding disclosure of Mr. Lee's opinion harmless in light of Defendants' agreement to delay such disclosure), **GRANTS** an extension of Plaintiff's expert disclosure with regard to Nathaniel Lee only. The parties shall confer immediately and Plaintiff's counsel shall file a motion for the Court's which requests such an extension and proposes an agreed upon specific date by which the full disclosure with regard to Nathaniel Lee will occur.

[5] It appears that Dr. Matrka practices at the James Voice & Swallowing Clinic at Ohio State University.

5

employed. *Id.* at PageID 299-300. In other words, Defendants (and the Court) are left to speculate as to whether Rule 26(a)(2)(B) or Rule 26(a)(2)(C) applies to each expert. Plaintiff's memorandum in opposition offers no clarification on this issue, though counsel made a vague reference during the September 24th hearing that some or all of these individuals are non-retained experts who provided treatment to Plaintiff.

Nevertheless, without dispute, the document filed by Plaintiff's counsel was unaccompanied by any report authored by any of the experts identified. *Id.*; *see also* doc. 60 at PageID 330 (wherein Plaintiff's counsel admits that, "[w]hen experts were disclosed by Plaintiff, [expert reports] were not provided at that time"). Thus, insofar as any of the experts identified were retained or specially employed to provide expert testimony at trial, the disclosure, on its face, fails to comply with Rule 26(a)(2)(B).

To the extent any of the identified experts were not retained or specially employed by Plaintiff, the disclosure also fails to meet even the less extensive requirements of Rule 26(a)(2)(C), *i.e.*, there is no statement regarding the subject matter upon which expert is expected to testify or present evidence. Nor does the disclosure set forth a summary of the facts and opinions of any expert. Doc. 57. As note above, the mere identification of each expert's name and contact information fails to satisfy the disclosure requirements of Rule 26(a)(2)(C). *See Little Hocking Water Ass'n*, 2015 WL 1105840, at *8 (stating that "Rule 26(a)(1)(i) already requires parties to provide the name and contact information of each individual likely to have discoverable information -- "along with the subjects of that information" and, therefore, providing such information alone fails to satisfy the requirements of Rule 26(a)(2)(C)).

Based on the foregoing, the Court must conclude that -- even assuming *arguendo* Plaintiff's expert disclosure (doc. 57) was timely (which it was not) -- Plaintiff's expert disclosures: fail to

comply with Rule 26(a)(2) and therefore, Plaintiff "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff's counsel makes no argument regarding justification for his failure to comply with Rule 26(a)(2). Instead, counsel contends that his untimely identification of experts (and failure to produce Rule 26(a)(2)(B) reports or Rule 26(a)(2)(C) statements) is harmless because "[c]ounsel for Defendants ha[d] all of the exert witness records and reports long ago." Doc. 60 at PageID 329.

Specifically, Plaintiff's counsel argues that "reports" from the experts were among either the "nine physical binders worth of records" produced by Plaintiff in discovery, or the "14,938 pages of medical records and reports" obtained by Defendants from Plaintiff's medical providers. Doc. 60 at PageID 330. As noted above, however, even assuming such information was otherwise exchanged in discovery, such fact does not relieve Plaintiff's counsel from making the required expert disclosures and is insufficient to demonstrate harmlessness under Rule 37(c)(1). *Accord Cosby*, 2018 WL 3233336, at *3 (holding that "Defendants' access to the medical records does not constitute harmlessness under Rule 37(c)(1)" because "[o]therwise, the requirement to provide a disclosure . . . would be eviscerated").

In the interest of justice, however, the Court felt compelled to review the information exchanged in discovery that Plaintiff's counsel represents has been "sitting in [Defendants' counsels'] office" "for many months[.]" Doc. 60 at PageID 332. Unfortunately, Plaintiff's counsel did not specifically identify, reference, append, or otherwise allude to any of these reports in his memorandum in opposition -- thus prompting the Court to request, *sua sponte*, that such information be submitted to chambers for an *in camera* review. *See* doc. 60. Upon receiving such information from Plaintiff's counsel and reviewing it carefully, the undersigned finds it falls

7

woefully short of the information required to be disclosed under Rule 26(a)(2), and fails to show that counsel's untimely and insufficient disclosure was harmless.

The documents Plaintiff's counsel describes as "all of the exert witness records and reports" regarding Plaintiff's identified experts (*see* doc. 60 at PageID 329) purportedly exchanged during discovery are:

(1) correspondence from Dr. May that appears to provide opinions relating to a workers' compensation claim filed by Plaintiff (*i.e.*, statements that Plaintiff's condition is related to an injury sustained at work and that she was temporarily and totally disabled for a period of time);

(2) an independent medical examination ("IME") report prepared by Dr. Bernstein which, like the correspondence from Dr. May, includes opinions directed to Plaintiff's workers' compensation claim (*i.e.*, opinion as to whether Plaintiff's conditions have reached maximum medical improvement);

(3) medical records from the Ohio State Wexner Medical Center for treatment provided by Dr. Matrka; and

(4) a functional capacity evaluation prepared by Scott Secrest -- an occupational therapist not even identified on Plaintiff's untimely expert disclosure filed with the Court.

Notably absent from the documents produced by counsel for *in camera* review is any information concerning Drs. Gillen, Carter, Akhter, and Wright -- making counsel's statement regarding "all of the expert witness records and reports" disingenuous at best, if not an outright misrepresentation to this United States District Court. As a result, Plaintiff's counsel fails to make any showing -- or even attempts to make a showing -- regarding harmlessness under Rule 37(c)(1) as it relates to Drs. Gillen, Carter, Akhter and Wright. Therefore, any expert testimony by them must be excluded by the plain terms of Fed. R. Civ. P. 37(c)(1).

The records related to Drs. May[6] and Bernstein do not comply with Rule 26(a)(2)(B), in that such records omit much, if not all, of the information required by that rule. Insofar as Plaintiff's counsel may argue that these doctors were not retained or specially employed as an expert witness -- an argument not specifically advanced in the memorandum in opposition -- such records, which appear to have been prepared in furtherance Plaintiff's workers' compensation proceedings, also fail to satisfy counsel's disclosure requirements under Rule 26(a)(2)(C). Again, "simply identifying a witness . . . and/or producing medical records does not meet the disclosure requirements of Rule 26(a)(2)(C)." *Gleed*, 2016 WL 1451532, at *4. Further, Defendants (and the Court) are left to speculate as to the opinions to be provided by Drs. May and Bernstein, especially since the documents exchanged in discovery appear related to workers' compensation issues, issues that may or may not entirely translate to those involved in this product liability personal injury case. *Cf. Little Hocking Water Ass'n, Inc.*, 2015 WL 1105840, at *9 (holding that the opinions summarized in a Rule 26(a)(2)(C) disclosure "must state a view or judgment regarding a matter that affects the outcome of the case").

The records submitted *in camera* related to Dr. Matrka are just that -- medical records -- not, *inter alia*, a report or summary of opinions as required by either Rule 26(a)(2)(B) or (C). With regard to the functional capacity assessment authored by occupational therapist Scott Secrest, not much need be said beyond simply noting that Mr. Secrest is not even identified on the untimely expert witness disclosure prepared by Plaintiff's counsel and filed in this case. *See* doc. 57.

Based on all of the foregoing, the undersigned finds Plaintiff's counsel fails to meet his burden of showing that his non-compliance with Rule 26(a)(2) was "substantially justified" or

---

[6] The undersigned notes that at least half of the correspondence from Dr. May's practice was not even correspondence written by him. Instead, the packet of correspondence reviewed *in camera* includes letters signed by Physician's Assistants Hilary McCord, Courtney Roland, and Krislyn McFarland -- none of whom are identified in Plaintiff's purported expert disclosure.

"harmless." There can be little doubt regarding the harmfulness of Plaintiff's late and incomplete disclosure. Pursuant to the Court's Preliminary Pretrial Conference Order, Defendants are to make their expert disclosures in just two days, *i.e.*, on September 28, 2018. Doc. 39 at PageID 243. Absent a sufficient Rule 26(a)(2) disclosure by Plaintiff's counsel, Defendants cannot timely provide reports from their experts to counter the unknown opinions of Plaintiff's experts and the unknown basis upon which the opinions of such experts rely.

Giving Plaintiff's counsel another opportunity to make complete expert disclosures would wholly "disrupt the orderly flow of litigation[,]" thus further harming Defendants. *Kassim*, *supra* fn. 2, 320 F.R.D. at 454. It is not clear how long it would take for preparation of appropriate disclosures and when those disclosures could be submitted. In fact, Plaintiff's counsel has not requested an extension of time to make appropriate disclosures, except as to Mr. Lee (doc. 60 at PageID 332), and the Court had to issue a Show Cause Order in this instance to motivate Plaintiff's counsel to even file a memorandum in opposition to Defendants' motion to strike and exclude experts. Accordingly, Defendants' motion is well-taken and must be granted.

## III.

The Court understands the significant impact this decision will have on Plaintiff's case. Plaintiff's counsel's inadequate expert disclosures under Rule 26(a)(2), however, places the undersigned in the position of having no choice but to prevent Plaintiff's use of all experts but Nathaniel Lee in this case. *See* Rule 37(c)(1) (stating that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial"). Unfortunately, "clients must be held accountable for the acts and omissions of their attorneys[,]" who they freely select to represent them. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

396 (1993). Courts must be mindful to not excuse counsel's failures that disrupt the orderly flow of litigation merely because "counsel's unexcused conduct imposes an unjust penalty on the client." *Id*.

Thus, it being undisputed that Plaintiff's counsel failed to comply with Rule 26(a)(2) and, further, Plaintiff's counsel having failed to show harmlessness or substantial justification under Rule 37(c)(1), the undersigned **ORDERS** that:

(1) Defendants' motion to strike and exclude experts (doc. 58) is **GRANTED**;

(2) Plaintiff's expert disclosure (doc. 57) is **STRICKEN** with regard to John B. Gillen, M.D.; Sue Carter, M.D.; Faiq Akhter, M.D.; David O. Wright, M.D.; Charles D. May, D.O.; Laura Matrka, M.D.; James Voice & Swallowing; and Jonathan Bernstein, M.D.;

(3) John B. Gillen, M.D.; Sue Carter, M.D.; Faiq Akhter, M.D.; David O. Wright, M.D.; Charles D. May, D.O.; Laura Matrka, M.D.; James Voice & Swallowing; and Jonathan Bernstein, M.D. are **EXCLUDED** from providing expert opinion testimony in this case. *See Kassim*, 320 F.R.D. at 455; and

(4) Following consultation by counsel for all sides, Plaintiff's counsel shall promptly file a motion to amend the calendar -- setting forth a proposed agreed upon date for the production of an expert report by Mr. Lee.

In addition, the undersigned **ORDERS** Plaintiff's counsel to **SHOW CAUSE**, in writing and within seven (7) days from the entry of this Order, as to why further sanctions should not issue under Rule 37(c)(1) or for the apparent misrepresentations made by counsel in his memorandum in opposition regarding the availability of reports as to the untimely and inadequately disclosed experts. Defendants may file a response to counsel's show cause filing within seven (7) days from the filing of such response.

**IT IS SO ORDERED.**

Date:  September 26, 2018           s/ Michael J. Newman
                                    Michael J. Newman
                                    United States Magistrate Judge